# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PRASAD DNYANOBA REWANWAR,**
    **Plaintiff,**

v.                                          Case No. 12-CV-00260

**JUDGE KATHRYN FOSTER, et al.,**
    **Defendants.**

## DECISION AND ORDER

On March 19, 2012, the plaintiff, Prasad Dnyanoba Rewanwar, filed an action against multiple defendants, and on March 23, 2012, he filed an amended complaint entitled, "Petition and Complaint Racial Profiling Intimidating of Mr. Rewanwar By – Waukesha County Courts, Judges, and Attorneys." (Amended Complaint at 1.) It is difficult to decipher the plaintiff's exact claims in his amended complaint. However, despite the title of the amended complaint, the only mention of race in the complaint is in two sentences in which the plaintiff writes the following:

> The family court, the Criminal Court, the GAL, and attorneys are held in contempt of Criminal Court for Child abuse/Child abduction by Mr. Rewanwar and that the court do not want to punish the prosecutors and attorneys for the fact that Mr. Rewanwar is of different race and the attorneys, GAL and judges are too greedy of the money. Mr. Rewanwar is being harassed by all the Waukesha Count Circuit Court and being intimidated all the time.

Id. at 3. The rest of the complaint appears to raise several claims related to family court proceedings that involved the plaintiff.

On March 19, 2012, the plaintiff filed a motion to proceed in forma pauperis. (Docket #2). The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490

U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed in forma pauperis if the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The plaintiff has submitted an affidavit of indigence indicating that he has monthly expenses totaling $4,700.00 and no income. He has $100.00 in a savings or checking account, jointly owns a car worth $13,000.00 and owns $4,500.00 worth of jewelry, but does not own any other tangible or intangible property. From this, I conclude that the plaintiff meets the poverty requirements of 28 U.S.C.§ 1915(a).

However, I must still determine whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Since January 20, 2012, the plaintiff has filed a number of cases in the district court and in the United States court of appeals for this circuit. Specifically, the plaintiff has filed fifteen cases with the United States District Court for the Eastern District of Wisconsin, all of which have been dismissed for lack of subject matter jurisdiction. See Case Nos. 12-C-61, 12-C-63, 12-C-67, 12-C-75, 12-C-77, 12-C-78, 12-C-97, 12-C-98, 12-C-99, 12-C-101, 12-C-102, 12-C-103, 12-C-104, 12-C- 110, and 12-C-116.

As of March 26, 2012, he had filed 21 appeals with the United States Court of Appeals for the Seventh Circuit. On that date, the court of appeals issued an order in which

it dismissed six of those cases and affirmed the final orders of the district court dismissing the fifteen complaints for lack of subject matter jurisdiction. See Court of Appeals' Order of March 26, 2012 in Case Nos. 12-1306, 12-1307, -12-1308, 12-1309, 12-1310, 12-1311, 12-1442, 12-1443, 12-1444, 12-14445, 12-1446, 12-1447, 12-1448, 12-1448, 12-1449, 12-1450, 12-1458, 12-1459, 12-1460, 12-1461, 12-1462, and 12-1463. The plaintiff has another case currently pending before this court.

The plaintiff has been warned repeatedly regarding the abusive nature of his filings. Chief United States District Judge Charles N. Clevert found that the plaintiff's filings have "abused and impeded the functioning of this court." See Court's Orders of February 10, 2012 in Case Nos. 12-C-97, 12-C-98, 12-C-99, 12-C-101, 12-C-102, 12-C-103, 12-C-104, 12-C-110, and 12-C-116. Judge Clevert ordered that the plaintiff be "enjoined from filing additional cases in this court that raise any of the claims he has asserted in this case." Id. On March 26, 2012, the court of appeals for this circuit warned that "any future attempts to file new actions relating to the matters raised in the underlying cases and these appeals may result in the imposition of monetary sanctions and/or a filing bar." Court of Appeals' Order of March 26, 2012, at 4. And, on March 30, 2012, United States District Judge J.P. Stadtmueller imposed monetary sanctions against the plaintiff and directed the Clerk of Court to mark "unfiled" and return any papers that the plaintiff attempts to file in this district until the plaintiff has paid the sanctions. See Court's Orders of March 30, 2012 in Case Nos. 12-C-61, 12-C-63, 12-C-67, 12-C-75, 12-C-77, and 12-C-78. Judge Stadtmueller also ordered the plaintiff to pay the $350.00 filing fee in all cases before him for which the plaintiff had not yet done so. See Court's Orders of March 30, 2012 in Case Nos. 12-C-63, 12-C-67, 12-C-75, 12-C-77, and 12-C-78.

Based on a review of the complaint in this case, I find that the present action raises all but one of the same claims as those the plaintiff raised in his previous cases which have been dismissed for lack of jurisdiction. Thus, the court may not consider those claims – both because the court lacks subject matter jurisdiction and because the plaintiff is enjoined from filing cases raising those claims. The only new claim is the claim of racial profiling or racial discrimination. However, that claim is related to the claims in the plaintiff's other cases in that it arises from the same family law and criminal law matters in state court as plaintiff's other cases. Additionally, the family court proceedings have been terminated and, therefore, the Rooker-Feldman doctrine bars this court's consideration of that case. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Pursuant to the Rooker-Feldman doctrine, lower federal courts cannot review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. Holt v. Lake County Bd. of Comm'rs, 408 F.3d 335, 336 (7th Cir. 2005). Similarly, I must abstain from taking jurisdiction over the racial profiling claim because it may interfere with or interrupt the criminal matter, which is still pending in state court. See Younger v. Harris, 401 U.S. 37 (1971) (requiring federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings). For these reasons and because the plaintiff has been enjoined from filing any cases which raise the same claims as those raised in his other cases in this district, this case must be dismissed.

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff is **ENJOINED** from filing additional cases in this court that raise any of the claims he has asserted in this case.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2012.

s/_____
LYNN ADELMAN
District Judge